IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jerome Addison, | ) |
| | ) C/A No. 8:18-2782-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| South Carolina Dept. of Corrections, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Jerome Addison ("Addison"), a state pre-trial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action without prejudice and without service of process. (ECF No. 12). The magistrate judge also recommended that Addison's motions to appoint counsel, for a default judgment, and for a preliminary injunction (ECF Nos. 3, 4, and 5) be denied. *Id.* at 9-11. Rather than file objections, Addison filed a motion to amend his complaint. (ECF No. 14). Because Addison did not attach a proposed amended complaint, the court gave him the opportunity to file a proposed amended complaint for the court to review and determine if it cured the deficiencies set out in the Report. (ECF No. 16). Addison has not filed a proposed amended complaint, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that

case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As noted above, because he did not include a proposed amended complaint with his motion to amend, the court gave Addison an opportunity to file a proposed amended complaint for the court to consider. (ECF No. 16). However, Addison has not filed an amended complaint, and Addison did not file any objections to the Report. Finding no clear error, the court adopts the analysis of the Report. (ECF No. 12). However, the court finds that the dismissal should be with prejudice. (ECF No. 12).[1] Accordingly, the court adopts the Report, as modified, and this action is **DISMISSED with prejudice.** Additionally, Petitioner's motions to appoint counsel, for default judgment, and for a preliminary injunction (ECF Nos. 3, 4 and 5) are **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

December 18, 2018
Anderson, South Carolina

.

---

[1] *See Workman v. Morrison Healthcare*, 724 Fed. App'x 280, 281 (4th Cir. June 4, 2018)(stating that if a plaintiff has already been given an opportunity to remedy the deficiencies in a complaint, the district court should, "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order").

2